W. E. BLAKE v. M. J. MILLER, ADM'R.

(No. 1259, Op. Book No. 2, p. 525.)

APPEAL from Stephens County.   Opinion by WALKER, R. S., P. J.

§ 1213. *Privity of contract; merger of note into judgment.* Blake sued Miller, as administrator of the estate of A. Miller, deceased, upon a claim against the estate, which Miller, as administrator, had rejected. The claim as alleged in the petition was as follows: A. Miller agreed in writing with one Playter to pay certain liabilities of Playter, among which was a certain note of which Playter and others were the makers, and which note Blake alleged belonged to him, and he claimed that by virtue of A. Miller's said undertaking with Playter, his

estate was liable to pay said note to him. Among other defenses set up was the one that this note had been merged into a judgment, and had been paid. Verdict and judgment for defendant. *Held*, the plaintiff does not show a good cause of action in his petition. There was no privity of contract in the agreement between A. Miller and Playter which gave to a third party, a creditor of Playter, a cause or right of action against Miller for a breach of or failure to comply with the same. Playter alone had a right to complain of its breach, and it is not alleged or pretended that Playter had assigned Miller's obligation to Blake. It further appears from the evidence in the case that the note which Blake claimed that he owned had been sued upon and merged into a judgment, and that the judgment had been satisfied. Therefore, after the payment of the judgment, no further liability could exist by reason of the note. This was not a suit on the part of Blake as one of the makers of the note for contribution.

November 30, 1881.       Reversed and remanded.